IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. 1-15-cv-00860 |
| v. ) ) | C O M P L A I N T |
| E-MDS, INC., ) ) | JURY TRIAL DEMAND |
| Defendant. ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1978 ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female (pregnancy), and to provide appropriate relief to Nicolette Page. The U.S. Equal Employment Opportunity Commission (the "Commission") alleges that Nicolette Page was subjected to unlawful discrimination when Defendant, E-MDS, Inc. (hereinafter "Defendant" or "E-MDS") discharged her from her position, Client Service Analyst, because of her sex, female (pregnancy).

This is also an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Nicolette Page. The Commission alleges that Defendant, E-MDS, terminated the employment of Nicolette Page because of her disability. The Commission further alleges that Defendant, E-MDS, discriminated against Nicolette Page in violation of the ADA by denying employment opportunities to

Nicolette Page, including terminating her, based on the need for Defendant to make reasonable accommodation to the physical impairment of Nicolette Page as required by the ADA.

These allegations are discussed in greater particularity in paragraphs 13 through 21 below.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to:

    a.  Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and,

    b.  Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, Austin Division.

## PARTIES

3.  Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and Title I of the ADA, and is expressly authorized to bring this action by:

    a.  Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3); and

    b.  Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, E-MDS, has continuously been a Texas corporation, doing business in the State of Texas and the City of Austin, and has continuously had at least 15 employees.

5. At all relevant times, Defendant, E-MDS, has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h). Defendant, E-MDS, also has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).

6. At all relevant times, Defendant, E-MDS, has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Nicolette Page filed a charge with the Commission alleging violations of Title VII and the ADA by Defendant, E-MDS.

8. On February 14, 2014, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII and the ADA were violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On September 9, 2014, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### *Title VII Claim*

13. Since at least May 18, 2012, Defendant, E-MDS, has engaged in unlawful employment practices at its Austin, Texas facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) as amended by Section 701(k), 42 U.S.C. § 2000e(k). The unlawful practice was to discriminate against Nicolette Page on the basis of her sex, female (pregnancy) when:

   a. Nicolette Page, the better qualified employee, was selected for discharge instead of a lesser qualified non-pregnant employee, simply because Nicolette Page was on leave for pregnancy and related medical conditions, and taking longer leave than the 12 weeks protected under the Family Medical Leave Act ("FMLA");

   b. Defendant selected Nicolette Page for termination not for merit-based reasons but simply because she was on extended maternity leave and she was no longer protected by FMLA;

   c. Defendant stated that it was simpler to keep the two non-pregnant employees who were then working and could handle the reduced work load; and

   d. Defendant ignored the recommendation of Nicolette Page's immediate supervisor who recommended the discharge of a non-pregnant, less senior and lesser qualified co-worker who had work performance problems.

14. The effect of the practices complained of in paragraph 13 above has been to deprive Nicolette Page of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex, female, and her pregnancy.

15. The unlawful employment practices complained of in paragraph 13 above were intentional.

16. The unlawful employment practices complained of in paragraph 13 above were done with malice or with reckless indifference to the federally protected rights of Nicolette Page.

### *ADA Claim*

17. Since at least May 18, 2012, Defendant, E-MDS, has engaged in an unlawful employment practice at its Austin, Texas facility, in violation of Sections 102 of Title I of the ADA, 42 U.S.C. § 12112, as outlined below:

   a. Nicolette Page was employed by Defendant from August of 2007 until May of 2012. Nicolette Page is a qualified individual with disabilities who sought extended leave as a reasonable accommodation from Defendant related to her disabilities. Defendant denied employment opportunities to Nicolette Page, including terminating Nicolette Page, based on the need for Defendant to make reasonable accommodation to the physical impairments of Nicolette Page as required by the ADA;

   b. Defendant also discharged Nicolette Page on the basis of disability. Defendant terminated her not for any merit-based reasons but simply because Nicolette Page was on extended leave, unprotected by the FMLA, for medical conditions associated with her disabilities. Defendant ignored the recommendation of Nicolette Page's immediate supervisor who recommended the termination of a non-disabled, less senior and lesser qualified co-worker who had work performance problems and who was not on disability related leave; and

   c. Nicolette Page is and was qualified for the position of Client Service Analyst. Defendant stated that its termination of Nicolette Page was not based on her work performance.

18. Nicolette Page is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Nicolette Page has physical impairments, pheochromacytoma (an adrenal gland tumor which increases blood pressure and heart rate) and heart arrhythmia, that substantially limit her major life activities, including the operation of major bodily functions such as normal cell growth and circulatory function.

19.     The effect of the practices complained of in paragraph 17 above has been to deprive Nicolette Page of equal employment opportunities and otherwise adversely affect her status as an employee because of her disabilities.

20.     The unlawful employment practices complained of in paragraph 17 above were intentional.

21.     The unlawful employment practices complained of in paragraph 17 above were done with malice or with reckless indifference to the federally protected rights of Nicolette Page.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, E-MDS, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in conduct which results in discharge because of pregnancy, or any other employment practice which discriminates on the basis of sex;

B.     Grant a permanent injunction enjoining Defendant, E-MDS, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against any qualified employees, because of their disability, by: (1) terminating employees based on disability and based on need for Defendant to provide reasonable accommodations; and (2) engaging in any other employment practice which discriminates on the basis of disability;

C.     Order Defendant, E-MDS, to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, including women who are pregnant, and which eradicate the effects of its past and present unlawful employment practices;

D. Order Defendant, E-MDS, to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

E. Order Defendant, E-MDS, to make whole Nicolette Page, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to reinstatement of Nicolette Page or front pay in lieu thereof;

F. Order Defendant, E-MDS, to make whole Nicolette Page by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13 and 17 above, including relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial;

G. Order Defendant, E-MDS, to make whole Nicolette Page by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs 13 and 17 above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and loss of civil rights, in amounts to be determined at trial;

H. Order Defendant, E-MDS, to pay Nicolette Page punitive damages for engaging in discriminatory practices with malice or reckless indifference to Ms. Page's federally protected rights, as described in paragraphs 13 and 17 above, in an amount to be determined at trial;

I. Grant such further relief as the Court deems necessary and proper in the public interest; and

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        /s/ Patrick M. Connor
        by permission of Robert A. Canino
        _____
        ROBERT A. CANINO
        Regional Attorney
        Oklahoma State Bar No. 011782

        /s/ Patrick M. Connor
        by permission of Edward Juarez
        _____
        EDWARD JUAREZ
        Supervisory Trial Attorney
        Texas State Bar No. 24014498

        /s/ Patrick M. Connor
        _____
        PATRICK M. CONNOR
        Senior Trial Attorney
        Texas State Bar No. 24076165
        E-mail: patrick.connor@eeoc.gov

        EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION
        San Antonio Field Office
        5410 Fredericksburg Rd., Suite 200
        San Antonio, Texas 78229-3555
        Telephone: (210) 281-7636
        Facsimile: (210) 281-7669

        **ATTORNEYS FOR PLAINTIFF**